UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARTIN LOUIS FRITZ III,

                Petitioner,

   v.

STATE OF WASHINGTON,

                Respondent.

Case No. C19-5390-BHS-TLF

ORDER TO SHOW CAUSE

Petitioner Martin Louis Fritz III, who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. 6. Petitioner challenges his 2018 conviction and Third Degree Rape and First Degree Child Molestation in Kitsap County Superior Court. *Id*. The petition has not been served on respondent.

Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition when it is filed, and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

The Court concludes that petitioner's federal habeas petition—on its face—is subject to dismissal due to a failure to exhaust state court remedies. Petitioner plainly admits that he has not appealed his judgment and sentence. Dkt. 6, at 1-5. Petitioner indicates that he does not intend to bring his claims to the state courts—state courts would never have the opportunity to consider the habeas claims raised in his federal petition—asserting that the state courts lack jurisdiction over issues that are raised under the United States Constitution. Dkt. 6, at 5-12. However, the

ORDER TO SHOW CAUSE - 1

exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1)[1]. The Court therefore orders the petitioner to show cause why the Court should not dismiss this federal habeas corpus petition without prejudice.

## DISCUSSION

A state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (emphasis added). This is appropriate, because "state courts, like federal courts, are obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To properly exhaust their federal claims, a would-be habeas petitioner must finish "one complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *Id.*, 845.

A federal court must dismiss a federal habeas corpus petition if its claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua sponte* authority to examine the question of exhaustion at this stage of review. *Campbell v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state remedies have been exhausted even if the state does not raise the issue").

Petitioner must raise the grounds for relief contained in his habeas petition to the Washington Court of Appeals and Washington Supreme Court. Petitioner contends he has not

---

[1] 28 U.S.C. §2254 (b)(1) provides, in relevant part: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State[.]"

ORDER TO SHOW CAUSE - 2

1 presented his grounds for relief to the state courts because the state courts lack the "jurisdictional
2 authority to decide on United States Constitution matters, which are outside [its] jurisdictional or
3 statutory governing limits." Dkt. 6, at 5-12. This argument fails, because 28 U.S.C. § 2254(b)(1)
4 recognizes the jurisdiction of state courts to adjudicate constitutional issues. Federal habeas relief
5 is available to address where the state court's adjudication was "contrary to, or an unreasonable
6 application of, clearly established federal law, as determined by the Supreme Court of the United
7 States." 28 U.S.C. § 2254(d)(1).

As the petition plainly states, petitioner has not properly exhausted his claims for relief in the state courts. Even if the petitioner believes it would be futile to argue his Constitutional claims to the state courts, "the apparent futility of presenting claims to state courts does not constitute cause of procedural default." *Roberts v. Arave*, 847 F.2d 528, 530 (9th Cir. 1988). Petitioner plainly acknowledges he has not presented the claims raised in his petition to the highest state court and, as such, it would appear his petition is not eligible for federal habeas review. Dkt. 6, at 1-12. Therefore, the Court orders petitioner to show cause why his petition is cognizable for federal habeas review and should not be dismissed without prejudice.

## ORDER

Based on the foregoing discussion, the Court finds that his petition is not eligible for federal habeas review. The Court **orders the petitioner to show cause** in writing why the petition should not be dismissed without prejudice, to allow him to exhaust his claims in the state courts. Petitioner must show cause by **July 16, 2019**. The failure to file a timely response may result in the dismissal of this matter without prejudice.

Additionally, the Clerk of Court is **directed to substitute Jeffrey A. Uttecht** as the

ORDER TO SHOW CAUSE - 3

Respondent in this action.[2] The Clerk of Court is also directed to update the case title.

Dated this 17th day of June, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

---

[2] The Court substitutes Superintendent of Coyote Ridge Corrections Center, Jeffrey Uttecht, as the respondent. According to his petition, petitioner is currently confined at Coyote Ridge Corrections Center in Connell, Washington. Dkt. 6, at 1. Under Rule (2)(a) of the rules governing § 2254 Cases in the United States District Courts, "If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."