UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARTIN LOUIS FRITZ, III,

             Petitioner,

  v.

JEFFREY A UTTECHT,

             Respondent.

Case No. C19-5390-BHS-TLF

REPORT AND RECOMMENDATION

Noted for **August 16, 2019**

Petitioner, who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 6, 2019. Dkts. 1, 7. The petition has not been served on the respondent. By order dated June 17, 2019, the Court directed petitioner to show cause why his petition should not be dismissed for failure to exhaust state judicial remedies. Dkt. 7. Petitioner filed a response to the order to show cause. Dkt. 8.

The Court should dismiss the federal habeas petition without prejudice for failure to exhaust state judicial remedies. Also, for the reasons set forth below, the Court should deny issuance of a certificate of appealability (COA).

## BACKGROUND

Petitioner challenges his June 22, 2018, conviction and sentence in Kitsap County Superior Court for Third Degree Rape and First Degree Child Molestation. Dkt. 7. Petitioner seeks release from incarceration on the grounds that he is "illegally and unlawfully imprisoned as a result of the abrogation of my federally conferred Constitutional rights by the State of Washington and its willful defiance of the established procedures and processes set forth by the

1  U.S. Constitution." *Id.*, at 7. Petitioner contends his federal constitutional rights were violated
2  because he was not charged in the state court by Grand Jury Indictment as required by the Fifth
3  Amendment. *Id.*

4  Petitioner does not indicate he has exhausted his state court remedies. *Id.* In fact the
5  petition affirmatively states that petitioner has not directly appealed his conviction nor has he
6  raised the grounds raised in his petition through a post-conviction motion or petition for habeas
7  corpus in a state trial court. *Id.*, at 1-13. Petitioner states that he did not appeal to the highest state
8  court having jurisdiction because "[t]he State of Washington does not have jurisdictional
9  authority to decide on United States Constitution matters, which are outside it's [sic]
10 jurisdictional or statutory governing limits." *Id.*, at 7-13. He further states that "[n]o grounds
11 herein have been raised at the state level, as the state has no jurisdictional authority over federal
12 matters." *Id.*, at 13.

13 By order dated June 17, 2019, petitioner was given an opportunity to show cause why his
14 petition should not be dismissed for failure to exhaust his state judicial remedies. *See* Dkt. 7.
15 Petitioner was advised that a state prisoner is required to exhaust all state court remedies, by
16 fairly presenting claims of violation of federal rights before the state courts, before seeking a writ
17 of habeas corpus. *Id.*; 28 U.S.C. § 2254(b)(1). Petitioner was advised that to properly exhaust his
18 federal claims, he must finish "one complete round of the State's established appellate review
19 process," up to the highest state court with powers of discretionary review. *Id.*; *O'Sullivan v.*
20 *Boerckel*, 526 U.S. 838, 845 (1999).

21 Petitioner filed a response to the Court's order which fails to remedy the deficiencies in
22 the petition noted by the Court's order to show cause. Dkt. 8. Petitioner's response re-iterates his
23 jurisdictional arguments and calls for the court to consider the merits of his constitutional claims
24
25

REPORT AND RECOMMENDATION - 2

(that his federal constitutional rights were violated because he was not charged in the state court by Grand Jury Indictment) without considering exhaustion. *Id.*

## DISCUSSION

**A.     Habeas Petition – Failure to Exhaust State Court Remedies**

Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition when it is filed, and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

The Court concludes that petitioner's federal habeas petition should be dismissed for failure to exhaust state court remedies. Petitioner plainly admits he has brought no appeals and no post-conviction proceedings in state court with respect to the grounds raised in this federal habeas petition. Dkt. 6, at 1-13. Petitioner indicates that he does not intend to bring his claims to the state courts—state courts would never have the opportunity to consider the habeas claims raised in his federal petition—asserting that the state courts lack jurisdiction over issues that are raised under the United States Constitution. *Id.*, at 5-12. [1] However, the exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1).[2]

A state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the

---

[1] The Court notes that in the box labeled item 13(a) of the petition the petitioner checked "yes" in response to the question of whether all grounds for relief raised in the petition have been presented to the highest state court having jurisdiction. Dkt. 6, at 13. The Court interprets this as a typographical or scrivenor's error however as petitioner makes clear in his explanation to the question that "**no grounds herein have been raised at the state level**, as the state has no jurisdictional authority over federal constitutional matters." *Id.* (emphasis added).

[2] 28 U.S.C. §2254 (b)(1) provides, in relevant part: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State[.]"

REPORT AND RECOMMENDATION - 3

1    state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners'

2    *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (emphasis added). This is

3    appropriate, because "state courts, like federal courts, are obliged to enforce federal law."

4    *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To properly exhaust their federal claims, a

5    would-be habeas petitioner must finish "one complete round of the State's established appellate

6    review process," up to the highest state court with powers of discretionary review. *Id.*, at 845.

7         A federal court must dismiss a federal habeas corpus petition if its claims are

8    unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua sponte*

9    authority to examine the question of exhaustion at this stage of review. *Campbell v. Crist*, 647

10   F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state remedies have been

11   exhausted even if the state does not raise the issue").

12        Petitioner must raise the grounds for relief contained in his habeas petition to the

13   Washington Court of Appeals and Washington Supreme Court. Petitioner contends he has not

14   presented his grounds for relief to the state courts because the state courts lack the "jurisdictional

15   authority to decide on United States Constitution matters, which are outside [its] jurisdictional or

16   statutory governing limits." Dkt. 6, at 5-12. However, this argument fails because 28 U.S.C. §

17   2254(d)(1) recognizes the jurisdiction of state courts to adjudicate whether the federal

18   constitutional rights of a state criminal defendant were violated. Federal habeas relief is available

19   to address where the state court's adjudication was "contrary to, or an unreasonable application

20   of, clearly established federal law, as determined by the Supreme Court of the United States." 28

21   U.S.C. § 2254(d)(1).

22        As the petition plainly states, petitioner has not properly exhausted his claims for relief in

23   the state courts. Even if the petitioner believes it would be futile to argue his Constitutional

24

25

REPORT AND RECOMMENDATION - 4

claims to the state courts because he does not believe they would be successful, "the apparent futility of presenting claims to state courts does not constitute cause of procedural default." *Roberts v. Arave*, 847 F.2d 528, 530 (9th Cir. 1988). Petitioner plainly acknowledges he has not presented the claims raised in his petition to the highest state court and, as such, his petition is not eligible for federal habeas review.[3] [4] Dkt. 6, at 1-12; *see Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013) (citing *King v. Ryan,* 564 F.3d 1133, 1142 (9th Cir. 2009)) ("To be properly filed, a claim must have been exhausted *at the time of filing.*") (emphasis added).

The Court notes that petitioner indicates he was sentenced on June 22, 2018, and that he filed his petition on May 6, 2019. It is clear at the time petitioner filed his petition that state court remedies remained available to him, and his claims were not properly filed has they were not exhausted at the time of filing. *See Ha Van Nguyen*, 736 F.3d at 1296. Petitioner was given the opportunity to show cause why the matter should not be dismissed based on his failure to exhaust

---

[3] The Court notes that several similar petitions by different petitioners presenting the same grounds for relief and offering the same explanation for failure to exhaust state judicial remedies have been considered and dismissed by this court prior to service, pursuant to Rule 4, based on petitioner's failure to exhaust state judicial remedies. *See, e.g., Duchow v. State of Washington*, Case No. 19-cv-687-RSL-MAT (W.D. Wash., June 14, 2019) (dismissal without prejudice for failure to exhaust state court remedies); *Wamba v. State of Washington*, Case No. 19-cv-661-TSZ-MAT (W.D. Wash., June 13, 2019) (dismissal without prejudice for failure to exhaust state court remedies); *Domingo v. State of Washington*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen v. State of Washington*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina v. State of Washington*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit).

[4] The Court also notes that it appears that petitioner's substantive constitutional claims also lack merit as it has long been settled that there is no denial of Federal Constitutional rights involved in the substitution of the prosecuting attorney's criminal information for the grand jury's indictment. *Hurtado v. People of State of California*, 110 U.S. 516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal information). This rule has been specifically applied to Washington's state practice of prosecution by information. *Gaines v. Washington,* 277 U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793 (1928); *Jeffries v. Blodgett*, 5 F.3d 1180, 1188 (9th Cir. 1993); *and see Domingo*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit). However, the Court need not reach the merits of petitioner's claims as it is clear from the face of the petition that he has failed to exhaust his state court remedies.

REPORT AND RECOMMENDATION - 5

state court remedies and, as discussed above, failed to do so. The Court notes that it may be that petitioner is now also procedurally defaulted as it appears to have been more than one year from the date petitioner indicates he was sentenced.[5] However, even if this is the case, it is clear that state court remedies remained available to petitioner at the time of filing, and his claims were not properly filed as they were not exhausted. *See Ha Van Nguyen*, 736 F.3d at 1296. Furthermore, even if petitioner's claims are procedurally defaulted, it is clear he cannot show cause or prejudice to overcome the procedural default.

Procedural default will only be excused and a petitioner will be entitled to federal habeas corpus review if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice[.]" *See Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (*citing Coleman v. Thomson*, 501 U.S. 722, 750 (1991)). To establish "cause," a petitioner must show some objective factor external to the defense prevented him from complying with the state's procedural rule. *Coleman*, 501 U.S. at 753 (*citing Murray v. Carrier,* 477 U.S. 478, 488 (1986)). Objective external factors include "a showing that the factual or legal basis for a claim was not reasonably available . . . or that 'some interference by officials,' . . . made compliance impracticable." *Strickler v. Greene*, 527 U.S. 263, 283 (1999) (emphasis added) (internal citations omitted). To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

---

[5] Under Washington law, a defendant may not collaterally challenge a criminal conviction more than one year after the conviction becomes final (RCW 10.73.090(1)).

REPORT AND RECOMMENDATION - 6

1    Petitioner's only explanation for his failure to pursue state court remedies is that he does
2 not believe the state court has jurisdiction over federal constitutional issues and that he does not
3 believe he would be successful if he brought his claims in state court. However, as discussed
4 above, the state courts do, in fact, have authority to adjudicate whether the federal constitutional
5 rights of a state criminal defendant were violated, and petitioner's belief that he would not be
6 successful if he presented his claims to the state court does not excuse his failure to do so. *See* 28
7 U.S.C. § 2254(d)(1); *Roberts*, 847 F.2d at 530. Furthermore, the factual or legal basis for
8 petitioner's habeas claims (that his federal constitutional rights were violated because he was not
9 charged in the state court by Grand Jury Indictment as required by the Fifth Amendment) were
10 clearly reasonably available to him at the time he was convicted. As such, petitioner cannot show
11 cause for his procedural default as he cannot demonstrate some objective factor external to the
12 defense prevented him from complying with the state's procedural rule.

13    Furthermore, petitioner cannot show actual prejudice or that the failure to consider his
14 claims will result in a fundamental miscarriage of justice. Contrary to petitioner's federal habeas
15 claims, it has long been settled that there is no denial of Federal Constitutional rights involved in
16 the substitution of the prosecuting attorney's criminal information for the grand jury's
17 indictment. *See Hurtado v. People of State of California*, 110 U.S. 516 (1884) (Rejecting claim
18 that grand jury indictment is essential to due process and that it is a violation of the Fourteenth
19 Amendment for a state to prosecute a defendant by criminal information). This rule has been
20 specifically applied to Washington's state practice of prosecution by information. *Gaines v.*
21 *Washington,* 277 U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793 (1928); *Jeffries v. Blodgett*, 5 F.3d 1180,
22 1188 (9th Cir. 1993); *and see Domingo*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18,
23 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in

24

25

petition are without merit); *Nguyen*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit). [6] Thus, even if petitioner's claims are now procedurally defaulted, petitioner cannot show actual prejudice or that the failure of the Court to consider his claims will result in a fundamental miscarriage of justice.

Accordingly, the Court recommends that the petition be dismissed without prejudice for failure to exhaust state court remedies.[7]

## CONCLUSION

For the foregoing reasons, this Court recommends that petitioner's federal habeas petition (Dkt. 6), and this action, be **dismissed without prejudice for failure to exhaust state court remedies.**

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made

---

[6] Petitioner also appears to argue that the Thirteenth Amendment is violated because his conviction was obtained without grand jury indictment and is invalid. The Thirteenth Amendment provides that, "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States ...." U.S. Const. Amend. XIII, § 1. However, this Thirteenth Amendment claim is derivative of petitioner's Fifth Amendment claim and, as noted above, a state may charge a criminal defendant by information and the failure to utlilize a grand jury does not offend the due process clause. Furthermore, the Thirteenth Amendment does not apply where prisoners are required to work in accordance with prison rules. *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir.1994).

[7] A federal district court may dismiss a wholly-unexhausted habeas petition *with* prejudice only where it is clear that state law will no longer permit petitioner to exhaust the claims therein. *See, e.g., Murphy v. Mahoney*, 308 F. App'x 45, 45–46 (9th Cir. 2008) ("Since the time for filing a state post-conviction relief petition has long since passed, Murphy cannot return to state court to exhaust his claims. Thus, Murphy is procedurally barred from asserting is claims in federal court, and no exception exists that would excuse his failure to file a petition earlier.") (citing *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). The record here does not permit the Court to conclude that petitioner is foreclosed, as a matter of state law, from exhausting his claims.

"a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter. This Court therefore **recommends that a certificate of appealability be denied.** A proposed order accompanies this Report and Recommendation.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 16, 2019**.

Dated this 29th day of July, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge