UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARTIN LOUIS FRITZ III,<br><br>                Petitioner,<br><br>   v.<br><br>JEFFREY A UTTECHT,<br><br>                Respondent. | CASE NO. C19-5390 BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING HABEAS PETITION WITHOUT PREJUDICE |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge, Dkt. 9, and Petitioner Martin Fritz III's ("Petitioner") objections to the R&R, Dkt. 10.

On May 13, 2019, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2018 conviction for Rape in the Third Degree and Child Molestation in the First Degree in Kitsap County Superior Court for the State of Washington. Dkt. 6.

On June 17, 2019, Judge Fricke ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust state court remedies. Dkt. 7. Relevant to that order and Petitioner's instant objection is his claim that state courts may never consider the claims raised in his federal habeas petition, which asserts that state courts lack jurisdiction over issues that are raised under the United States Constitution. Dkt. 6 at

5–12. Petitioner admits that he has not filed a direct appeal or otherwise collaterally attacked his conviction on this basis in state court. *Id.* at 2, 3.

Petitioner responded to the show cause order. Dkt. 8. On July 30, 2019 Judge Fricke issued the R&R recommending dismissal of Petitioner's petition before service for failure to exhaust state judicial remedies and recommending denial of a certificate of appealability. Dkt. 9. Judge Fricke noted the R&R for consideration on this Court's August 16, 2019 calendar with objections due on the same date. *Id.* at 9.

On August 19, 2019, Petitioner untimely filed objections to the R&R using the CM/ECF system as a prisoner e-filer. Dkt. 10.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(c). The Supreme Court has held that the Federal Magistrates Act does not require the district judge to review any issue in a R&R that is not subject to an objection. *See, e.g.*, *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Although Petitioner has access to CM/ECF and therefore his objections are untimely on their face, the Court will consider the objections on the merits. First, Petitioner argues that his conviction violated his right to equal protection of the law and that federal courts have original jurisdiction over this claim pursuant to 28 U.S.C.

§ 1343.[1] Dkt. 10 at 1. Petitioner contends that the district court must hear his petition before its claims are considered by the Washington courts pursuant to this grant of original jurisdiction. *Id.* Petitioner, however, readily acknowledges that he "has submitted a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254." *Id.*; *see also* Dkt. 1 (proposed petition for writ of habeas corpus), Dkt. 6 (petition for writ of habeas corpus).

The Supreme Court has held that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Moreover, § 2254(b)(1) provides that a district court "shall not" grant an application for a writ of habeas corpus unless the prisoner has first "exhausted the remedies available" in state court. 28 U.S.C. § 2254(b)(1). A petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). Consequently, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Because Petitioner failed to present any claim of a violation of his federal rights to the state court first, the Court agrees with Judge Fricke that Petitioner has failed to exhaust state judicial remedies and that the Court must dismiss his petition. *See Coleman v. Thompson*, 501

---

[1] 28 U.S.C. § 1343 confers original jurisdiction on the district court to "redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States . . . ."

U.S. 722, 731 (1991) (stating that a federal court must dismiss a federal habeas petition if its claims are unexhausted). Therefore, Petitioner's objection on the basis that the district court has a "duty" to hear his claims is denied.

Second, Petitioner argues that he meets a statutory exception to the exhaustion requirement because "the state has a statute in place, which expressly forecloses relief on the merits of petitioner's procedural situation." Dkt. 10 at 2. Petitioner does not identify the statute. *Id.* 28 U.S.C. § 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." In Washington, criminal defendants have a statutory right to direct appeal and collateral attack. *See, e.g.*, RCW Chapter 10.73; *see also* Wash. R. App. P. §§ 2.2(a), 5.1, 6.1, 16.3, 16.4. Because Petitioner had the right to raise the questions he presents in his federal petition in the state court, he "shall not be deemed to have exhausted" the remedies available to him in state court. Therefore, his objection on this basis is denied.

Third, Petitioner continues to argue that state courts lack jurisdiction to adjudicate his claim that the manner in which he was charged violates his constitutional right to indictment by a grand jury. Dkt. 10 at 4. Since 1886, however, the Supreme Court has affirmed that a state prosecutor does not violate the Due Process Clause of the Fourteenth Amendment by bringing charges based on a criminal information as opposed to an indictment issued by a grand jury. *Hurtado v. People of State of California*, 110 U.S. 516

(1886). Regardless, Petitioner must exhaust this claim in the state court before this Court will consider it in a federal habeas petition.

Finally, Petitioner's assertion that he has a right to indictment by grand jury as a state prisoner that stems from the Privileges and Immunities Clause of the Fourteenth Amendment rather than the Due Process Clause of the Fourteenth Amendment, *see* Dkt. 10 at 4, does nothing to alter the Court's conclusion that he has failed to exhaust the claims raised in his federal habeas petition. Said another way, whether Petitioner brings his claim of a constitutional violation under the Due Process Clause or the Privileges and Immunities Clause is irrelevant to whether the claim has been exhausted. Therefore, Petitioner's objection on this basis is also denied.

Petitioner lodges numerous other objections that are meritless. Therefore, the Court having considered the R&R, Petitioner's objections, and remaining record does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Petitioner's federal habeas petition, Dkt. 1, is **DISMISSED without prejudice** for failure to exhaust state judicial remedies;

(3) A certificate of appealability is **DENIED**; and

(4) The Clerk shall enter judgment and close this case.

Dated this 4th day of September, 2019.

BENJAMIN H. SETTLE
United States District Judge